**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**FIRST FINANCIAL, INC.,**                                              **PLAINTIFF,**

**VS.**                                              **CIVIL ACTION NO. 2:09CV021-P-S**

**JTH TAX, INC. d/b/a LIBERTY**
**TAX SERVICE; D&S TAX, LLC; and**
**PREMIERE HOLDINGS, INC.,**                                    **DEFENDANTS.**

## ORDER OF REMAND

This matter comes before the court upon Plaintiff First Financial, Inc.'s February 20, 2009 motion to remand [10]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The plaintiff filed its original Complaint in the Chancery Court of DeSoto County, Mississippi on January 9, 2009. While still in State court, the plaintiff was given permission to file an Amended Complaint. The defendants removed this action to federal court on February 3, 2009 arguing that the plaintiff improperly joined the only Mississippi defendant, Premiere Holdings, Inc. given that, according to the defendants, there is no possibility of recovery against Premiere Holdings, for civil conspiracy.

The burden in this case is upon the defendants to persuade the Court of fraudulent, or improper, joinder. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) This burden is a heavy one. *Id*. Furthermore, when dealing with an improper joinder claim the court should not focus on who will ultimately prevail in the action. *Reed v. American General Life & Accident Ins. Co.*, 192 F.Supp.2d 641 (N.D. Miss. 2002). When moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th

1

Cir. 1981).

There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since there is no dispute that the resident defendant is indeed a resident of Mississippi, the second test applies in the instant case.

With regard to the second test, the Fifth Circuit in *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. (Miss.) 2004) (en banc) wrote:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.

*Id.* (citing *Travis*, 326 F.3d at 646-7).

The Fifth Circuit in *Hart* wrote that they "have cautioned against 'pretrying a case to determine removal jurisdiction,' [and have stated] that fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." 199 F.3d at 246-247 (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). However, "the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Hart*, 199 F.3d at 246.

The primary question at hand is whether the defendants have demonstrated that there is no

"reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant,", Premiere Holdings, for civil conspiracy. *Smallwood*, 385 F.3d at 573.

The defendants essentially argue that the civil conspiracy claim necessarily fails because the plaintiff did not allege an agreement between Liberty Tax and Premiere Holdings to commit a specific tort against the plaintiff. In other words, given that a civil conspiracy claim requires that the defendants conspired "to accomplish an unlawful purpose or a lawful purpose unlawfully," *Gallagher Basset Servs., Inc. v. Jeffcoat*, 887 So.2d 777, 786 (Miss. 2004), the defendants argue that the conspiracy claim fails because the plaintiff did not accompany the conspiracy claim with a cognizable tort alleged to have been the object of the conspiracy. The court disagrees. The defendants have not met their burden in demonstrating that applicable law clearly states that civil conspiracy cannot be a stand-alone tort.

In any event, the Amended Complaint alleges at least two torts that could be reasonably construed as objects of the conspiracy. In both the fraud and the negligent misrepresentation claims, the plaintiff alleges in subparagraph (19) that Liberty Tax is liable for "failing to disclose to First Financial that despite Liberty Tax's '2-mile' standard for successful marketing, Liberty Tax would locate another Liberty Tax franchise within two (2) miles of First Financial's franchise location." Though this language does not directly reference Premiere Holdings, paragraphs 59 to 67 of the Amended Complaint describe more fully the allegations that Liberty Tax agreed to allow Premiere Holdings to establish a franchise within the plaintiff's territory to the plaintiff's detriment. While the plaintiff ultimately bears the burden to demonstrate by a preponderance of the evidence that both Liberty Tax and Premiere Holdings had a meeting of the minds to accomplish an unlawful purpose, this burden must be met for the jury, not the court.

Accordingly, since the court must "resolve any contested issues of fact and legal ambiguities in the plaintiff's favor" in the improper joinder analysis, the court concludes that the defendants have not met their burden in demonstrating that there is no reasonable possibility of recovery for civil conspiracy against the Mississippi-resident defendant, Premiere Holdings.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff First Financial, Inc.'s February 20, 2009 motion to remand [10] is **GRANTED**; accordingly,

(2) This case is **REMANDED** to the Chancery Court for DeSoto County, Mississippi from whence it came, and

(3) This case is **CLOSED** with the parties to bear their own costs.

**SO ORDERED** this the 22nd day of February, A.D., 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE